IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

-------------------------------------------------------X

ENERGY INTELLIGENCE GROUP, INC.
and ENERGY INTELLIGENCE
GROUP (UK) LIMITED,

      Plaintiffs,

      -against-

THE UNITED STEEL, PAPER AND
FORESTRY, RUBBER,
MANUFACTURING, ENERGY,
ALLIED INDUSTRIAL AND SERVICE
WORKERS INTERNATIONAL UNION,
AFL-CIO/CLC,

      Defendant.

-------------------------------------------------------X

Civil Action No.

**JURY TRIAL DEMANDED**

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiffs Energy Intelligence Group, Inc. ("EIG") and Energy Intelligence Group (UK) Limited ("EIG UK" and, collectively, "Plaintiffs"), by and through their undersigned counsel, allege the following for their Complaint against Defendant The United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO/CLC ("Defendant"), based on personal knowledge and on information and belief as appropriate:

## JURISDICTION AND VENUE

1.    Plaintiffs bring this action against Defendant under the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.* (the "Copyright Act") for, among other things, willful infringement of Plaintiffs' registered copyrights.

2.   This Court has jurisdiction pursuant to Sections 501, *et seq.* of the Copyright Act and 28 U.S.C. §§ 1331 and 1338(a) over causes of action alleging copyright infringement.

3.   This Court has personal jurisdiction over Defendant in that Defendant resides in and is doing business in the State of Pennsylvania and in this District.

4.   Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400(a). Furthermore, upon information and belief, many of the acts of infringement alleged in this Complaint occurred within this District.

## THE PARTIES

5.   Plaintiff EIG is a Delaware corporation with a principal place of business located at 5 East 37th Street, New York, New York 10016-2807.

6.   Plaintiff EIG UK is a United Kingdom limited company with a principal place of business located at Interpark House 7, Down Street, London, WC1V 6PW United Kingdom.

7.   Upon information and belief, Defendant is a labor organization with a principal place of business located at Five Gateway Center, Pittsburgh, Pennsylvania 15222.

## FACTS COMMON TO ALL COUNTS

**A.   Plaintiffs' Publications**

8.   Plaintiffs and their predecessors-in-interest have been engaged in publishing newsletters and other publications for the highly-specialized global energy industry for over fifty-nine (59) years. In particular, Plaintiffs have published the daily newsletter *Oil Daily* ("OD") since 1951.

9.   The audience for Plaintiffs' publications, including OD, consists predominantly of individuals with an interest in the oil and gas industries, including bankers, investors, stock market analysts, traders, commodity analysts and others who follow these industries. Copies of the April 11, 2008 issue of *Oil Daily* (the "April 2008 OD Copyrighted Work") and the

November 10, 2010 issue of *Oil Daily* (the "November 2010 OD Copyrighted Work") are attached hereto as Exhibits A and B, respectively.

10.     Plaintiffs' focus is on providing original, high quality articles and analysis relating to the oil and gas industries, and Plaintiffs have invested significant time and resources to develop their publications and services, including OD.

11.     Plaintiffs maintain an editorial staff of approximately fifty (50) reporters, editors, and analysts at seven (7) editorial bureaus located in New York, Washington, D.C., Houston, London, Moscow, Dubai and Singapore.

12.     The original content and information gathered by Plaintiffs and included in OD and their other original publications are valuable assets.  Plaintiffs also publish other original publications in addition to OD, which include the following:

*Energy Intelligence Briefing*;

*Petroleum Intelligence Weekly*;

*Energy Compass*;

*Nuclear Intelligence Weekly (incorporating Uranium Intelligence Weekly)*;

*Nefte Compass*;

*Oil Market Intelligence*;

*Jet Fuel Intelligence*;

*Natural Gas Week*;

*International Oil Daily*;

*EI Finance*;

*LNG Intelligence;*

*World Gas Intelligence*;

*OD's Gas Market Reconnaissance.*

*Oil Market Intelligence Numerical Data Source;*

*Natural Gas Week Numerical Data Source;*

*Nefte Compass Numerical Data Source;*

*World Gas Intelligence Numerical Data Source;*

*Petroleum Intelligence Weekly Numerical Data Source;*

*Data Guide to Russian and Caspian Oil & Gas* (multiple years);

*Asia-Pacific Refined Products;*

*Biofuels: Fuels of the Future?*

*International Crude Oil Market Handbook* (multiple years);

*The Energy Intelligence Top 100: Ranking the World's Oil Companies* (multiple years);

*World Gas Handbook* (multiple years);

*High Oil Prices: Causes and Consequences;*

*World LNG Outlook 2010 - 2011;*

*Libya Oil & Gas: Competition Heats Up;*

*Oil Supply Dilemma: Needs of Major Oil Exporters;*

*The Quest for Dominance: NOC-IOC Rivalries, Alliances and the Shape of the New Global Oil Industry;*

*Understanding the Oil and Gas Industries;*

*World Crude Oil Outlook 2010 – 2020;*

*Iraq Oil and Gas: A Bonanza Still in Waiting;*

*Iraq Oil Forum;* and

*Obama Energy Vision*

13. Plaintiffs have developed an invaluable reputation for their extremely high standards and the reliability of the content of all of their publications, including OD.

14. In order for third parties to benefit from Plaintiffs' extensive research efforts, and the analytical and creative content contained in OD and their other publications, Plaintiffs require interested parties to purchase various subscriptions to access the valuable information contained therein.

15. Interested third parties have various subscription options depending on their respective needs. Subscribers may obtain OD and Plaintiffs' other publications by email and/or from Plaintiffs' website, which permits password-protected access to current and/or archived issues.

16. Interested third parties may also purchase individual articles appearing in OD and other of Plaintiffs' publications, as well as archived issues, from Plaintiffs. The license fee for this Pay-Per-Article service is based on the number of users for the requested article.

17. Among other copyright registrations, Plaintiffs are the owner of the U.S. Copyright Registrations No. TX 6-647-038, for Volume 58 of OD covering issues dated April 1 through April 30, 2008, and No. TX 6-771-213, for Volume 60 of OD covering issues dated November 1 through November 30, 2010. Copies of these Copyright Registrations are collectively attached hereto as Exhibit C.

18. Plaintiffs provide copyright notice on their website, emails, articles and publications so that third parties are aware of Plaintiffs' rights in their publications and works of original authorship (the "Copyright Notice"). The Copyright Notice on the front cover of both the April 2008 OD Copyrighted Work and November 2010 OD Copyrighted Work specifically states "Copyright © 2010 EIG. Unauthorized access or electronic forwarding, even for internal use, is prohibited." *See* Exhibits A and B.

19.     Additionally, Plaintiffs provide a further notice that appears within all of Plaintiffs' publications, including the April 2008 OD Copyrighted Work and the November 2010 OD Copyrighted Work, that states "[a]ccess, distribution, and reproduction are subject to the terms and conditions of the subscription agreement and/or license with EIG." *See* Exhibits A and B.

20.     Issues of OD, including the April 2008 OD Copyrighted Work and November 2010 OD Copyrighted Work, also state that "[a]ccess, distribution, reproduction or electronic forwarding not specifically defined and authorized in a valid subscription agreement or license with EIG is willful copyright infringement." *See* Exhibits A and B.

### B.     Defendant's Business Relationship With Plaintiffs

21.     Defendant and/or its predecessors in interest have subscribed to OD since at least 1995. Defendant's subscription to OD, and Defendant's access to and use of the April 2008 OD Copyrighted Work and November 2010 OD Copyrighted Work, were controlled at all times by the terms of single-user subscriptions.

22.     Defendant and/or its predecessors initially received issues of OD as print copies and later came to receive issues of OD, including the April 2008 OD Copyrighted Work and November 2010 OD Copyrighted Work, as PDF documents attached to emails.

23.     Pursuant to the terms of Defendant's single-user subscriptions, from at least December 1999, through the present time, Defendant received issues of OD as PDF files attached to emails.

24.     From at least December 3, 1999, Mary Alyce Dimoff, who upon information and belief is Defendant's employee and was previously employed by Defendant's predecessors in interest, was the sole authorized user of issues of OD, including the April 2008 OD Copyrighted Work

and November 2010 OD Copyrighted Work, under the terms of Defendant's single-user subscriptions.

25. No subscription agreement or any other agreement authorizes Defendant to copy, transmit or distribute issues of OD, including the April 2008 OD Copyrighted Work and November 2010 OD Copyrighted Work, to individuals or entities who are not subscribers in violation of Plaintiffs' registered copyrights.

### C. Defendant's Improper Use of Plaintiffs' Copyrighted Works

26. On or about April 11, 2008, Plaintiffs received an email communication from Mary Alyce Dimoff, who upon information and belief is a librarian in Defendant's employ and was previously employed by Defendant's predecessors in interest.

27. Ms. Dimoff's message revealed that OD was being access by more of Defendant's employees than were authorized—specifically, "about six"— and likewise expressed an interest in adding an additional eight users to Defendant's account.

28. No additional subscribers were added to Defendant's account following the April 11, 2008 communications.

29. Ms. Dimoff's communication with Plaintiffs in April 2008 was the first time that Plaintiffs learned that Defendant was engaged in unauthorized copying, reproducing, exhibiting, transmission of, displaying and/or distribution of OD.

30. Upon information and belief, Defendant's employee Ms. Dimoff, at least as of April 11, 2008, was forwarding copies of OD to Defendant's employees.

31. Subsequently, on or about November 10, 2010, Plaintiffs were again contacted regarding Defendant's subscription to OD and Plaintiffs were asked to remove two users, Dave Ortlieb and

Doug Niehouse, from Plaintiffs' list of Defendant's employees, permitted to receive electronic issues of OD because they were no longer in Defendant's employ.

32. At that time, Plaintiffs learned that, in addition to those two users no longer employed by Defendant, fourteen other persons, who upon information and belief are all Defendant's employees, were receiving issues of OD.

33. Upon information and belief, in addition to Ms. Dimoff, those persons receiving OD include the following individuals, who are Defendant's employees and include high-ranking union officials: Adam Lee, Gary Beevers, Bruce Fickman, Gabe Trbovich, Jim Lefton, Melinda Newhouse, Patrick Young, Rachael Steury, Randy Johnson, Keith Romig, Ron Espinoza, Shawn Gilchrist, and John M. Vanjonack.

34. At no time did Plaintiffs provide electronic issues of OD to any other representative of Defendant other than Ms. Dimoff nor did Plaintiffs grant Defendant permission to copy, distribute or forward issues of OD to persons other than Ms. Dimoff.

35. Upon information and belief, at least during the months of April 2008 and November 2010, and on a consistent basis prior thereto, Defendant's employee Ms. Dimoff and/or another employee of Defendant, sent e-mails attaching PDF copies of issues of OD to other employees of Defendant, including copies of the April 2008 OD Copyrighted Work and November 2010 OD Copyrighted Work.

36. No subscription permits any copying, distributing or forwarding any issue of OD nor does any agreement grant Defendant any other license to use any content contained in any issue of OD in any form whatsoever.

37. Upon information and belief, Defendant has been regularly and systematically copying, transmitting, and distributing the copies of OD, including the April 2008 OD Copyrighted Work

and November 2010 OD Copyrighted Work, to individuals who were not subscribers to OD since at least as early as December 1999, and possibly as early as late 1992, up to the present day. No agreement between permits this unauthorized activity.

38. Upon information and belief, Defendant and its employees regularly and systematically copied, transmitted and distributed copies of the April 2008 OD Copyrighted Work and November 2010 OD Copyrighted Work to non-subscribers, while actively and willfully concealing this activity from Plaintiffs.

39. Upon information and belief, Defendant's actions of copying, transmitting, and distributing issues of OD on a systematic basis, including the April 2008 OD Copyrighted Work and November 2010 OD Copyrighted Work, and concealing this activity from Plaintiffs, constitutes willful infringement of Plaintiffs' valid and subsisting copyrights.

## COUNT ONE
## COPYRIGHT INFRINGEMENT OF THE APRIL 2008 OD COPYRIGHTED WORK

40. Plaintiffs repeat and allege Paragraphs 1-39 as though fully set forth herein.

41. Plaintiffs were and are the exclusive holders of all rights, title and interest in the OD Copyrighted Work and the articles contained therein and are the owners of valid copyright registration for the April 2008 OD Copyrighted Work. *See* Exhibit C.

42. The articles contained in the April 2008 OD Copyrighted Work are highly original and contain creative expression and independent analysis. *See* Exhibit A.

43. Copies of the April 2008 OD Copyrighted Work were made available to Defendant pursuant to a single-user subscription.

44. Upon information and belief, Defendant's employees have for years copied, transmitted and distributed issues of OD, including the April 2008 OD Copyrighted Work, to individuals who were not authorized to receive such issues, and concealed these activities from Plaintiffs.

45. Based upon the inclusion of the Copyright Notice contained in issues of OD, including April 2008 OD Copyrighted Work, among other reasons, Defendant knew or should have known that such materials were protected by the copyright laws.

46. Upon information and belief, Defendant has continually and systematically copied, transmitted and distributed issues of OD, including the April 2008 OD Copyrighted Work, to numerous non-subscribers, without implied or express authority, nor with Plaintiffs' express and/or implied permission.

47. Upon information and belief, Defendant was never authorized to copy, transmit or distribute the April 2008 OD Copyrighted Work or any issue of OD in its entirety and/or beyond the use permitted pursuant by Defendant's single-user subscription.

48. Defendant's single-user subscription to OD prohibits any copying, transmitting, or distributing of any issue of OD, including the April 2008 OD Copyrighted Work, and any articles contained therein, to individuals or entities who are not authorized subscribers to OD.

49. Upon information and belief, Defendant willfully infringed the copyright in the April 2008 OD Copyrighted Work by copying, transmitting, and distributing the April 2008 OD Copyrighted Work beyond the use permitted, without permission and/or authorization express or implied from Plaintiffs.

50. Defendant's aforesaid acts violate Plaintiffs' exclusive rights under § 106 of the Copyright Act of 1976, 17 U.S.C. § 106, as amended, and constitute willful infringement of Plaintiffs' copyright in the April 2008 OD Copyrighted Work. Defendant's past and continuing

copying, transmitting and distributing of Plaintiffs' OD publication, including the April 2008 OD Copyrighted Work, constitutes a willful, deliberate and ongoing infringement of Plaintiffs' copyrights and are causing irreparable harm and damage to Plaintiffs.

**COUNT TWO
COPYRIGHT INFRINGEMENT OF THE
NOVEMBER 2010 OD COPYRIGHTED WORK**

51. Plaintiffs repeat and allege Paragraphs 1-50 as though fully set forth herein.

52. Plaintiffs were and are the exclusive holders of all rights, title and interest in the OD Copyrighted Work and the articles contained therein and are the owners of valid copyright registration for the November 2010 OD Copyrighted Work. *See* Exhibit C.

53. The articles contained in the November 2010 OD Copyrighted Work are highly original and contain creative expression and independent analysis. *See* Exhibit B.

54. Copies of the November 2010 OD Copyrighted Work were made available to Defendant pursuant to a single-user subscription.

55. Upon information and belief, Defendant's employees have for years copied, transmitted and distributed issues of OD, including the November 2010 OD Copyrighted Work, to individuals who were not authorized to receive such issues, and concealed these activities from Plaintiffs.

56. Based upon the inclusion of the Copyright Notice contained in issues of OD, including the November 2010 Copyrighted Work, among other reasons, Defendant knew or should have known that such materials were protected by the copyright laws.

57. Upon information and belief, Defendant has continually and systematically copied, transmitted and distributed issues of OD, including the November 2010 OD Copyrighted Work,

to numerous non-subscribers, without implied or express authority, nor with Plaintiffs' express and/or implied permission.

58.    Upon information and belief, Defendant was never authorized to copy, transmit or distribute the November 2010 OD Copyrighted Work or any issue of OD in its entirety and/or beyond the use permitted pursuant by Defendant's single-user subscription.

59.    Defendant's single-user subscription to OD prohibits any copying, transmitting, or distributing of any issue of OD, including the November 2010 OD Copyrighted Work, and any articles contained therein, to individuals or entities who are not authorized subscribers to OD.

60.    Upon information and belief, Defendant willfully infringed the copyright in the November 2010 OD Copyrighted Work by copying, transmitting, and distributing the November 2010 OD Copyrighted Work beyond the use permitted, without permission and/or authorization express or implied from Plaintiffs.

61.    Defendant's aforesaid acts violate Plaintiffs' exclusive rights under § 106 of the Copyright Act of 1976, 17 U.S.C. § 106, as amended, and constitute willful infringement of Plaintiffs' copyright in the November 2010 OD Copyrighted Work. Defendant's past and continuing copying, transmitting and distributing of Plaintiffs' OD publication, including the November 2010 OD Copyrighted Work, constitutes a willful, deliberate and ongoing infringement of Plaintiffs' copyrights and are causing irreparable harm and damage to Plaintiffs.

62.    Plaintiffs have no adequate remedy at law.

## JURY DEMAND

Plaintiffs hereby demand a jury trial.

WHEREFORE, Plaintiffs demands judgment against Defendant on the foregoing claim as follows:

(1) That Defendant, its directors, officers, agents, subsidiaries and affiliates and all persons acting by, through, or in concert with any of them, be permanently enjoined from using and infringing the copyright and/or copyrights of Plaintiffs in any manner, and from copying, exhibiting, transmitting, displaying, distributing or preparing derivative works from any of the copyrighted material in any past, present or future issue of OD, including the April 2008 OD Copyrighted Work and November 2010 OD Copyrighted Work;

(2) That Defendant be required to pay to Plaintiffs such actual damages as it has sustained as a result of Defendant's copyright infringement pursuant to 17 U.S.C. § 504;

(3) That Defendant be required to account for and disgorge to Plaintiffs all gains, profits, and advantages derived from its copyright infringement pursuant to 17 U.S.C. § 504;

(4) That Defendant be required to pay Plaintiffs an increase in the award of statutory damages due to Defendant's willful infringement pursuant to 17 U.S.C. § 504(c)(2);

(5) That the Court issue an Order requiring Defendant to hold harmless and indemnify Plaintiffs from any claim(s) raised by any third party who allegedly relied upon any of Plaintiffs' publications it received as a result of Defendant's unauthorized use of Plaintiffs' copyrighted materials;

(6) That the Court enter judgment against Defendant in favor of Plaintiffs for all claims, including pre- and post-judgment interest, as allowed by law;

(7)   That the Court enter judgment against Defendant finding that its unlawful copying, transmitting, and distributing of the April 2008 OD Copyrighted Work and November 2010 OD Copyrighted Work is willful;

(8)   That Defendant be ordered to pay to Plaintiffs their costs in this action along with reasonable attorneys' fees; and

(9)   That Plaintiffs be granted such further relief as the Court deems just and proper.

Respectfully submitted,

ENERGY INTELLIGENCE GROUP, INC.
and ENERGY INTELLIGENCE GROUP
(UK) LIMITED

Dated: March 31, 2011        By: _____
Mark A. Willard
ECKERT SEAMANS CHERIN
& MELLOTT, LLC
600 Grant Street, 44th Floor
Pittsburgh, PA 15219
Telephone: (412) 566-6171
Facsimile: (414) 566-6099
mwillard@eckertseamans.com

Robert L. Powley (pro hac vice pending)
James M. Gibson (pro hac vice pending)
Joseph J. Bozzuti (pro hac vice pending)
POWLEY & GIBSON, P.C.
304 Hudson Street – 2nd Floor
New York, NY 10013
Telephone: (212) 226-5054
Facsimile: (212) 226-5085
rlpowley@powleygibson.com
jmgibson@powleygibson.com
jjbozzuti@powleygibson.com

Attorneys for Plaintiffs,
ENERGY INTELLIGENCE GROUP, INC.
and ENERGY INTELLIGENCE GROUP
(UK) LIMITED